Abo$t Steueb, J.
The relator on this writ of habeas corpus was convicted of the crime of robbery, first degree in the County Court of Kings County. On November 12, 1928 he was given an indeterminate sentence of from 15 to 25 years in the State Prison. After serving 8 years and 20 days he was admitted to parole. He was again arrested in 1937 charged with the crime of robbery in the second, degree and in the Court of General Sessions he pleaded guilty. On March 19,1937 he was sentenced as a second offender to an indeterminate sentence of from 20 to 40 years, 5 to 10 years of the sentence being imposed as increased punishment as provided in section 1944 of the Penal Law, the court having found that defendant was armed with a pistol while in the commission of the crime.
In 1957 the relator sued out a writ of coram nobis to the County Court of Kings County on the ground that his original sentence was void because he was not asked whether he had anything to say why sentence should not be imposed on him pursuant to sections 472 and 480 of the Code of Criminal Procedure. Thereupon on April 30, 1957 the original sentence was vacated and relator was resentenced nunc pro tunc as of November 12, 1928 and given the same term, crediting him with the time served pursuant to the original conviction. He was then returned to the State Prison at Dannemora, Clinton County, where he was serving the second sentence.
On July 29, 1958 relator sued out a writ of habeas corpus in the County Court of Clinton County. That court directed that relator he turned over to the Commissioner of Correction of New York County to he brought by him to the Court of General Sessions for the purpose of resentencing. Nothing *185 has been done pursuant to this order except that relator has been transferred to the custody of the Commissioner of Correction and is presently being held by her in the Tombs Prison. The warden of Clinton Prison has taken an appeal from the order of the Clinton County Court but admittedly that appeal has not been prosecuted with diligence. The reason is that the order is one of several of similar import emanating from that court and another appeal is being prosecuted but has not reached decision.
It is first necessary to define the issue. It is now the relator’s contention, as it was in the Clinton County Court, that his first conviction was completely nullified by the failure to inquire for any reason why sentence should not be imposed; that the resentencing in 1957 was ineffectual in this regard; that as a first offender the maximum sentence which he could have received for robbery in the second degree was 15 years, plus 5 years for being armed, or, in all, 20 years. That he has now served in excess of 21 years on that sentence and is entitled to be discharged. It is quite obvious that if he was a first offender he is entitled to his liberty. The converse is equally true, if he is a second offender he has not served the maximum sentence and his writ should be dismissed. The simplicity of this issue is however destroyed by the necessary consideration of the relief sought and the state of the record.
It is not as if the relator were being held in prison beyond the term of the sentence and hence solely at the whim of the Warden. According to the terms of his sentence his imprisonment is legal. What he is seeking, in effect, is a reformation of that sentence. The proper remedy for his dilemma, assuming his contentions to be correct, is a writ of coram nobis.
When a man’s liberty is at stake he should not be precluded because his papers contain two Latin words that are different from the two that would entitle him to be heard. The error would be overlooked. But the difficulty is more deep-rooted than a mere misdescription of the proper remedy. The writ of coram nobis enables a court to correct its own error. It is not an appellate procedure, though rulings on it may be appealed. No other court having concurrent jurisdiction can determine whether the procedure was in fact erroneous, nor, consequently, correct the claimed error. The writ must emanate from the court which made the original decision.
The same situation faced the County Court of Clinton County on the application above referred to. At the time the application was made relator’s confinement exceeded 20 years. That court made no decision on the issue presented but instead *186 took a short cut to having the issue decided by providing for relator’s appearance in the court which would have jurisdiction to entertain a writ of coram nobis. . It may well be that like many other short cuts, taking this one was ill-advised because the Court of General Sessions is under no obligation to undertake a resentencing. The direction of the order is not a mandate to that court. By not being helpful the prisoner might well have been forced to find his own way to that court with an application that it had to entertain.
Despite the great freedom which is allowed, and quite properly, to applicants for writs of habeas corpus it is not permissible to sue out successive writs on the same grounds in the hope that a judge will eventually be found who will give a favorable ruling. The basic situation now is the same as it was when relator applied to the Clinton County Court. The only changes are immaterial to his rights — he is now lodged in the Tombs Prison instead of the Clinton Prison. And the direction to bring him before the Court of General Sessions has not been obeyed. About neither does he complain. And in any event, as to the second it would be supererogation to make a similar direction. If the relator feels aggrieved his remedy is to move to punish the respondent for contempt.
For the reasons given no relief is available from this court and the relator must perforce seek his freedom in precincts he is evidently reluctant to enter.
The writ is dismissed and the relator is remanded.